UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT GREEN,
          Plaintiff,           CASE NO. 06-14115

vs.           DISTRICT JUDGE LAWRENCE P. ZATKOFF
          MAGISTRATE JUDGE STEVEN D. PEPE

OAKLAND COUNTY, P. DARE, in his
individual and official capacity,

          Defendants.
_____/

## SUPPLEMENTAL ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. #12)

On July 12, 2007, it was ordered that

    1.     Defendants' counsel shall supplement its answers to Plaintiff's requests for production by indicating whether there are any disciplinary actions in Defendant Dare's personal file relating to allegations of excessive force, false arrest or illegal search and/or seizures, or whether the file contains any other records that adversely effect [Defendant]'s credibility or show any acts reflecting lack of truthfulness.

    2.     Defendants' counsel shall review the entire police/sheriff log books presently maintained at the Oakland County Sheriff's office which covers the last 5 to 6 year period (and must cover the last 5 years at a minimum) for any complaint made against Defendant Dare. Any record of such complaints and any information related to the individual making the complaint shall be provided to Plaintiff's counsel. In the event Defendants' counsel reviews a record that counsel believes should not be provided to Plaintiff's counsel, that record shall be submitted to the undersigned at P.O. Box 7150, Ann Arbor, MI 48107, for an *in camera* inspection along with a one page statement indicating why Defendants' counsel believes that record should not be turned over to Plaintiff. That statement and the record may be submitted *ex parte* without providing a copy to Plaintiff's counsel but providing him notice that such a submission to the Court has been made. If the Court determines that additional notice or opportunity for

1

Plaintiff's counsel to make argument regarding the record is
needed in the interests of justice, further orders will be entered by
the Court regarding the manner of proceeding.

Pursuant to paragraph 2 of the July 12, 2007, Order, Defendant Oakland County submitted for an *in camera, ex parte* review a 1990 Performance Appraisal of Defendant Fred Dare. That document references a temporary suspension without indicating the reason for its imposition. The appraisal concludes that Deputy Dare's demeanor since the suspension has indicated he would be an asset to the Department. Defendants' counsel argues that this record should not be turned over to Plaintiff because it is not relevant. Having reviewed the document, it is determined that no further hearing on this item is needed.

This document submitted for *in camera* review does not fall within paragraph 1 of the July 12 order because of the reason for the suspension is not noted. This record indicates that whatever the event leading to the suspension was, it occurred over seventeen years ago. Thus it does not fall within the 5-6 year scope of paragraph2 of the July 12 order.

In addition to these reasons for not ordering production of this document, it is determined that the document need not be produced to Plaintiff's counsel because it is not relevant nor likely to lead to the discovery of admissible evidence under Fed. R.Civ. P. 26(b)(1). In the absence of other evidence in Deputy Dare's personnel file or otherwise sufficient in number to show some pattern of misbehavior related either (a.) to excessive force, false arrest or illegal search and/or seizures, or (b.) to Deputy Dare's lack of truthfulness and credibility, any single and isolated incident over 17 ago is not relevant to Oakland County's liability in training or supervision of

Deputy Dare, nor would it be relevant to his current credibility in this case.[1]

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED.**

Date: August 21, 2007　　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Fed. R. Evid. 609(b) places a presumptive time limit of ten years on impeachment by conviction fo a crime. It is assumed that the incident involved in 1990 was not a felony or Deputy Dare would have been terminated. If it were a misdemeanor, it would be admissible under Rule 609(a)(2) only if reflective of dishonesty or a false statement, and not be admissible for impeachment because of it being over 10 years prior under Rule 609(b). If the action leading to Deputy Dares temporary suspension was not criminal, as is highly likely, the standards for its relevance and admissibility should be no less stringent that for a criminal act, making a 17 year old incident inadmissible absent evidence of a pattern of more current similar activities.

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Christopher J. Trainor, Kenneth H. Adamczyk, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

　　　　　　　　　　　　　　　　　s/ James P. Peltier
　　　　　　　　　　　　　　　　　James P. Peltier
　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk